UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

STEVEN R. GOOZEY,            )
                             )
        Petitioner,          )
                             )
    v.                       )        2:17-cv-00181-NT
                             )
                             )
SCOTT LANDRY,                )
                             )
        Respondent           )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

In this action, Petitioner Steven R. Goozey seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Following a guilty plea, Petitioner was convicted in state court of ten counts of unlawful sexual contact. The Maine Supreme Court, sitting as the Law Court, denied leave to appeal from the sentence. Following an evidentiary hearing, the Superior Court denied Petitioner's petition for post-conviction review, and the Law Court denied discretionary review.

In his section 2254 petition, Petitioner in essence alleges that the state court's decision to deny post-conviction relief involved either an unreasonable application of federal law, pursuant to section 2254(d)(1), or an unreasonable determination of the facts, pursuant to section 2254(d)(2). He claims ineffective assistance of counsel based on counsel's failure to move to suppress Petitioner's statements to law enforcement, and based on counsel's alleged failure to provide adequate advice regarding the charges and the sentence.

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request, and dismiss the petition.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2011, Petitioner was indicted on ten counts of unlawful sexual contact, 17-A M.R.S. § 255-A(1)(F-1) (Class A). (*State v. Goozey*, No. FARSC-CR-2001-00053, Docket Record at 1; Indictment.)[1] The State represents that at the plea hearing, it moved to amend nine of the charges to Class B.[2] (Response, ECF No. 6 at 2 n.1.) The court granted the motion to amend, and Petitioner pled guilty to ten counts of unlawful sexual contact, 17-A M.R.S. § 255-A(1)(E-1) (Class B). (Docket Record at 1-2, 5; Judgment and Commitment at 1, 3.)

The Court sentenced Petitioner to ten years of imprisonment on Counts 1 through 9, with the terms to be served concurrently with Count 1. (Judgment and Commitment at 1.) The Court sentenced Petitioner to ten years, all suspended, on Count 10, to be served consecutively to Count 1, to be followed by a term of six years of probation. (*Id.*)

Petitioner did not appeal from the conviction. The Sentence Review Panel of the Law Court denied his application for leave to appeal from the sentence. *State v. Goozey*, No. SRP-11-600, Order Denying Leave to Appeal from Sentence.) Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

---

[1] The state court record was filed in paper form. (ECF No. 7.)

[2] According to the docket record, the sentencing transcript, and the judgment, all ten counts were amended to Class B. (*State v. Goozey*, No. FARSC-CR-2001-00053, Docket Record at 5; Sentencing Tr. at 2; Judgment and Commitment at 1, 3.)

In July 2012, Petitioner filed a petition for post-conviction review. (*Goozey v. State*, Nos. FARSC-CR-2012-00148, FARSC-CR-2012-00150, Docket Records at 1, State Court Petition.)[3] Counsel was appointed in December 2012, and an amended petition was filed June 2013. (Docket Records at 1-2; Amended State Court Petition.) The Superior Court held a two-day evidentiary hearing in March and June of 2015, and, following the parties' written submissions in February and March of 2016, the court denied the petition in May 2016. (Order on Petition for Post-conviction Review ("Post-conviction Order") at 1, 11; Post-conviction Tr. I (March 23, 2015); Post-conviction Tr. II (June 22, 2015).)

The Superior Court decided the issues Petitioner raises in his section 2254 petition. The court found (1) that Petitioner was not in custody when he arrived at the sheriff's office, and therefore "[a]ny statements about wanting to consult with an attorney prior to [the detective's] recitation of Miranda were premature" (Post-conviction Order at 6); and (2) that after Petitioner was placed under arrest and given the Miranda warning, he waived his right to counsel and provided the statements voluntarily (*id.* at 7).[4] The court, therefore, concluded counsel's failure to move to suppress the statements did not constitute substandard performance. (*Id.* at 8.)

---

[3] At the post-conviction hearing, the court noted that two petitions had been filed "fairly close in time" and were docketed as Nos. FARSC-CR-2012-00148 and FARSC-CR-2012-00150. (Post-conviction Tr. I (March 23, 2015) at 3.) As part of its post-conviction order, the court entered an additional order consolidating the two petitions for all purposes. (No. FARSC-CR-2012-00150, Order on Petition for Post-conviction Review ("Post-conviction Order") at 11; Docket Record at 4; No. FARSC-CR-2012-00148, Docket Record at 5.)

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

The court also concluded the plea was voluntary, and counsel's performance was not substandard. Specifically, the court determined (1) that counsel did not provide ineffective assistance for the alleged failure to explain charges that were not prosecuted against Petitioner (*id.* at 9-10); and (2) Petitioner failed to demonstrate that he did not understand he could be sentenced to a term of up to ten years (*id.* at 10-11).

Petitioner sought discretionary review of the court's conclusion that he was not in custody upon arrival at the police station, and its conclusion that Petitioner understood the elements of the crime. (*Goozey v. State*, No. Fra-16-294, Memorandum in Support of Petition for Certificate of Probable Cause at 4-6.) In September 2016, the Law Court denied Petitioner's request for discretionary review. (Order Denying Certificate of Probable Cause.)[5]

## II. DISCUSSION

### A. Legal Standards

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). As to federal habeas claims that were adjudicated on the merits in state court, the federal court may not grant relief unless (1) the state court decision was "contrary to, or involved an

---

[5] Petitioner states that he placed his section 2254 petition in the prison mailing system on May 12, 2017; the petition was filed on May 16, 2017. (Petition at 1, 6.)

4

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," pursuant to 28 U.S.C. § 2254(d)(1); or (2) the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," pursuant to section 2254(d)(2).[6] *See Brumfield v. Cain*, --- U.S. ---, ---, 135 S. Ct. 2269, 2276-77 & n.3 (2015) (noting that a state court's conclusion that the record included "no evidence" on an issue was reviewed under section 2254(d)(2)).

As to review under section 2254(d)(1), "[i]t is settled that a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.'" *Nevada v. Jackson,* --- U.S. ---, ---, 133 S.Ct. 1990, 1992 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)).

The First Circuit has identified the following as some of the guidelines that may be used to determine whether a state court decision was objectively unreasonable under section 2254(d)(1):

(1) The focus of the inquiry is on the state court decision;

(2) Even with the deference due by statute to the state court's determinations, the federal habeas court must itself look to 'the totality of the evidence' in evaluating the state court's decision;

---

[6] Because in this case the Law Court did not provide the reasoning for its denial of a certificate of probable cause, the final reasoned analysis of the state court, for purposes of review under 28 U.S.C. § 2254, is the order of the Superior Court on post-conviction review. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991); *Hittson v. Chatman,* 135 S. Ct. 2126 (2015) (Ginsburg, J., concurring in denial of certiorari).

5

(3) The failure of the state court to consider at all a key argument of the defendant may indicate that its conclusion is objectively unreasonable; however, the paucity of reasoning employed by the state court does not itself establish that its result is objectively unreasonable;

(4) The failure of a state court to give appropriate weight to all of the evidence may mean that its conclusion is objectively unreasonable; and

(5) The absence of cases of conviction precisely parallel on their facts does not, by itself, establish objective unreasonableness.

*Hurtado v. Tucker*, 245 F.3d 7, 18 (1st Cir. 2001). "The ultimate question on habeas . . . is not how well reasoned the state court decision is, but whether the outcome is reasonable." *Id.* at 20.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the federal constitutional standard by which claims of ineffective assistance are evaluated; *Strickland* requires a petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 688, 694.

A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one . . . ." *Id.* at 697. The Court presumes "that counsel has 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Companonio v. O'Brien*, 672 F.3d 101, 110 (1st Cir. 2012) (quoting *Strickland*, 466 U.S. at 690). A court considers "the totality of the evidence," and "a verdict or conclusion only weakly supported by the record is more likely

6

to have been affected by errors than one with overwhelming record support." *Strickland*, 466 U.S. at 695-96. "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 696.

On federal habeas review, a court does not conduct an independent review under *Strickland*: "Since we are considering a habeas challenge, we are not actually tasked with deciding whether [the petitioner's] counsel's performance fell short of *Strickland*'s requirements; rather, the 'pivotal question is whether the state court's application of the *Strickland* standard was unreasonable,'" pursuant to section 2254(d)(1). *Hensley v. Roden*, 755 F.3d 724, 736 (1st Cir. 2014) (quoting *Harrington*, 562 U.S. at 101). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101.

Claims of ineffective assistance of counsel are thus subject to a "'doubly deferential'" standard of review, in deference to both the state court and defense counsel. *Woods v. Etherton,* --- U.S. ---, ---, 136 S. Ct. 1149, 1151 (2016) (per curiam) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). State court determinations of fact "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B. Claims and Analysis**

**i. Claim of failure to file motion to suppress**

The state court concluded counsel was not ineffective for counsel's failure to file a motion to suppress Petitioner's statements to law enforcement, based in part on the court's finding that Petitioner was not in custody when he arrived at the Franklin County Sheriff's

Department: "Mr. Goozey was free to choose not to deliver himself to the sheriff's office and he was free to leave upon his arrival in the lobby." (Post-conviction Order at 6.) Petitioner alleges in the section 2254 petition that he was not free to leave, because the police "demanded" he surrender himself. (Petition at 4.)

Petitioner has failed to demonstrate he is entitled to relief under either section 2254(d)(1) or (d)(2). The state court's custody finding is supported by record evidence. Counsel testified that based on his discussions with Petitioner and his review of Petitioner's recorded interview with law enforcement, counsel concluded there was no *Miranda* violation, and thus no basis for a motion to suppress. (Post-conviction Tr. I at 24-30.)

Counsel's conclusion was reasonable, as *Miranda* rights do not attach unless a person is in custody and subject to an interrogation.

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody . . . .

*Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

The detective testified that upon Petitioner's arrival at the sheriff's office lobby, the detective and Petitioner went immediately into the detective's office.[7] The state court's

---

[7] The detective testified to the following: He told Petitioner "he was going to be arrested," and Petitioner delivered himself to the sheriff's office. (Post-conviction Tr. I (March 23, 2015) at 60-61, 64-65.) When Petitioner arrived, the detective met him in the lobby, and they immediately went into the detective's office. (*Id.* at 65-67.) Petitioner asked "something about what he was going to get for time." (*Id.* at 70.) The detective responded: "I stopped him and said, I need to read you your rights. At that point is when I turned the recorder on." (*Id.*) The detective did not recall whether Petitioner had asked for a lawyer between the time Petitioner arrived in the lobby of the sheriff's office and the time the detective turned on the recorder. (*Id.* at 67-70.)

conclusion that Petitioner went into custody in the detective's office, rather than upon Petitioner's entry in the lobby, is not contrary to or an unreasonable application of clearly established federal law on the issue of whether Petitioner's *Miranda* rights were violated. *See* 28 U.S.C. § 2254(d)(1); *Michigan v. Mosley*, 423 U.S. 96, 106-07 (1975) (holding the respondent's *Miranda* rights were not violated, in part based on the fact that law enforcement gave *Miranda* warnings "at the very outset" of each of its interrogations). Because the underlying *Miranda* argument fails on the merits, it was not an unreasonable application of *Strickland* to conclude that counsel did not provide substandard assistance, and that Petitioner was not prejudiced, when counsel failed to file a motion to suppress. *See* 28 U.S.C. § 2254(d)(1); *Strickland*, 466 U.S. at 689, 694.

---

Petitioner asserts that the detective provided the *Miranda* warnings in the interview room. (Reply, ECF No. 10 at 11.)

When asked whether Petitioner was free to leave when he first appeared at the sheriff's office, the detective testified that although Petitioner "didn't have to show up at all, if he didn't want to, technically," the detective would have arrested Petitioner if he had tried to leave after he came into the lobby. (Post-conviction Tr. I at 76.) The detective testified he placed Petitioner under arrest at the end of the interview. (*Id.* at 77.)

Counsel believed Petitioner was arrested at the beginning of the interview. (*Id.* at 29-30.) Counsel's conclusion may explain why the court concluded Petitioner was placed under arrest at the beginning of the interview, notwithstanding the detective's testimony that Petitioner was placed under arrest at the end of the interview. (Post-conviction Order at 6; Post-conviction Tr. I at 77.)

Any discrepancy between counsel's testimony and the detective's testimony concerning when the detective arrested Petitioner does not support relief under section 2254(d). In sum, the court concluded that counsel's decision not to move to suppress did not constitute ineffective assistance, because counsel reasonably concluded Petitioner's *Miranda* rights did not attach until the interrogation started in the detective's office. (Post-conviction Order at 6.) The court's determination was not based on either an unreasonable determination of the facts or an unreasonable application of the law. *See* 28 U.S.C. § 2254(d); *Michigan v. Mosley*, 423 U.S. 96, 106-07 (1975); *Miranda*, 384 U.S. at 444.

### ii. Claim of inadequate advice regarding the plea

The state court concluded that neither counsel's advice regarding the elements required to convict Petitioner of the charged conduct, nor counsel's failure to advise Petitioner of the elements required to prove uncharged conduct, constituted ineffective assistance. (Post-conviction Order at 9-10.) The court also concluded Petitioner had offered no evidence that he failed to understand that a ten-year sentence was possible. (*Id.* at 10-11.)

Petitioner alleges he would not have pled guilty if counsel had advised him that the conduct to which he admitted would support a misdemeanor conviction, but not a conviction of unlawful sexual contact. (Petition at 3-4.) Petitioner also contends counsel provided ineffective assistance regarding the length of the sentence. (Petition at 3; Reply at 4.) Petitioner has failed to meet his burden under either section 2254(d)(1) or (d)(2) as to the allegations regarding the elements of the crime and the length of the sentence.

Regarding the elements of the crime, the state court's finding is supported by record evidence. The record supports the determination that counsel discussed with Petitioner the elements of the charge brought, i.e., the charge of unlawful sexual contact.[8] (Post-conviction Tr. I at 33-35.) In particular, counsel testified he told Petitioner that a Class A

---

[8] The State represents that "[a]ccording to the Superior Court Clerk's office, the Rule 11 proceeding was inadvertently not recorded." (Response, ECF No. 6 at 2 n.2.) Petitioner's contention that the lack of a record of the plea hearing constitutes "a breakdown in the adversarial process" that precludes a deferential standard of review (Reply at 2-3 & n.2) fails because counsel testified at the post-conviction hearing that he explained the elements of the charged offense to Petitioner. (Post-conviction Tr. I at 33-35.) In other words, there is record support for the court's post-conviction finding that Petitioner was informed about the elements of unlawful sexual contact when he pled guilty. (*Goozey v. State*, No. FARSC-CR-2012-00150, Post-conviction Order at 10.)

sexual contact charge would require proof of penetration (*id.* at 33-35), and that a charge of Class B sexual contact would require proof of the touching of a certain area of the victim's body. (*Id.* at 34.) Counsel further testified he explained to Petitioner if he did not touch the area of the victim's body, he would not be guilty of a crime. (*Id.* at 35.) Regarding Petitioner's suggestion that counsel should have discussed with him the difference between sexual contact and sexual touching, counsel testified that he did not advise Petitioner about the elements of the lesser crime of unlawful sexual touching, because there was no offer from the State to reduce the charge to unlawful sexual touching. (*Id.* at 36.)

There is also record evidence to support the state court's finding that Petitioner understood the sentence could be ten years. Petitioner testified at the post-conviction hearing that before Petitioner pled guilty, counsel informed him that the maximum sentence for a Class B offense "was up to ten years." (Post-conviction Tr. I at 92.) Petitioner, however, contends: "[Counsel] told me that it's highly unlikely that I would get the – the maximum, considering that I haven't had a criminal record, and he figured it would be more in the 2 to 4 year realm." (*Id.*) In the court's order, the court noted that counsel's expressed hope for a two or three year sentence was based on "incomplete information," in that counsel only later learned of "a significant aggravating factor," namely that Petitioner had appeared at the victim's school. (Post-conviction Order at 10 n.4; Post-conviction Tr. I at 50-51.) Although counsel and Petitioner discussed the possibility of and hope for a sentence less than ten years, the record supports the state court's determination that Petitioner was aware of the applicable maximum sentence.

In sum, the state court's conclusion that Petitioner failed to demonstrate either ineffective assistance, or an involuntary plea based on ineffective assistance, was not based on either an unreasonable determination of the facts or an unreasonable application of *Strickland*. *See* 28 U.S.C. § 2254(d). Petitioner, therefore, is not entitled to habeas relief.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's motion for habeas relief under 28 U.S.C. section 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of October, 2017